09-1206-ag
Singh v. Holder

BIA
Schoppert, IJ
A075 246 640
A075 260 832
A075 260 833
A075 260 834

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of May, two thousand ten.

PRESENT:
    JOSÉ A. CABRANES,
    REENA RAGGI,
    PETER W. HALL,
        *Circuit Judges*.

_____

CHARAN SINGH a.k.a. GURCHARAN MULTANI,
JOGINDER KAUR, BIKRAMJIT SINGH,
GURJASPREET SINGH,
        *Petitioners*,

        v.                                09-1206-ag
                                          NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
        *Respondent*.

_____

FOR PETITIONERS:        Charan Singh, Pro Se, Woodside, New
                        York

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Michael P. Lindemann, Assistant Director, Christopher C. Fuller, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Charan Singh (also known as Gurcharan Multani), Joginder Kaur, Bikramjit Singh, and Gurjaspreet Singh, all natives and citizens of India, seek review of a March 12, 2009, order of the BIA, denying Petitioners' motion to remand and affirming the February 1, 2007, decision of Immigration Judge ("IJ") Douglas Schoppert, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Singh, et al.*, Nos. A075 246 640, A075 260 832/833/834 (B.I.A. Mar. 12, 2009), *aff'g* Nos. A075 246 640, A075 260 832/833/834 (Immig. Ct. N.Y. City Feb. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both

the BIA's and IJ's opinions.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, we decline to consider Petitioners' unexhausted arguments that: (1) their due process rights were violated because they were not provided with the notes from Charan's asylum interview before their hearing; (2) the IJ failed to question Joginder about the details of Charan's arrest and detention; and (3) the record does not support their charges of removability.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007).

Substantial evidence supports the IJ's adverse credibility determination.  The IJ reasonably found discrepancies in Petitioners' testimony, their asylum applications, the record of Charan's asylum interview, and the documents they submitted.  For example: (1) although Charan stated in his 1996 asylum application and at his 1996 asylum interview that he had not lived in the United States until May 1996, the record revealed otherwise; (2) although Charan testified that he was in India from October 1995 to

3

May 1996, and that he was arrested in that country in November 1995, a list of traffic violations indicated that he was present in the United States during that time; and (3) although Charan testified that his wife was beaten on two occasions, neither his nor his wife's asylum application referenced those beatings. Although minor and isolated discrepancies may be insufficient to support an adverse credibility determination, *see Diallo v. INS,* 232 F.3d 279, 285-86, 288 (2d Cir. 2000), these discrepancies relate to events at the heart of Petitioners' claim – that Charan was detained and tortured on a number of occasions, including in 1994 and 1995. Thus, the IJ reasonably relied on their cumulative effect to call into question Petitioners' credibility. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

Although Petitioners offered explanations for some of these discrepancies, the agency did not err in declining to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Accordingly, substantial evidence supports the agency's adverse credibility determination. Because the only evidence of a threat to Petitioners' lives or freedom depended upon their credibility, the adverse credibility

4

determination in this case necessarily precludes success on their claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk